```
                                                        CLERK'S OFFICE U.S. DIST. COURT
                                                              AT ROANOKE, VA
                                                                    FILED
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF VIRGINIA              MAR 01 2007
                    ROANOKE DIVISION
                                                        JOHN F. CORCORAN, CLERK
                                                        BY:
                                                              DEPUTY CLERK
```

| | |
|---|---|
| JAMES R. DAVIS, ) | |
| Petitioner, ) | Civil Action No. 7:07cv00077 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Samuel G. Wilson |
| Respondent. ) | United States District Judge |

Petitioner, James R. Davis, filed this 28 U.S.C. § 2255 motion challenging his sentence of 240 months incarceration followed by a term of ten years supervised release for conspiring to distribute methamphetamine, in violation of 21 U.S.C. § 846. Davis maintains that the government breached the plea agreement and that the court imposed an unreasonable sentence. The court finds that neither of Davis' claims have merit and, therefore, dismisses his § 2255 motion.

**I.**

On September 5, 2003, a grand jury returned an indictment charging Davis with conspiring to distribute five hundred grams or more of methamphetamine, in violation of 21 U.S.C. § 846 (Count One); distributing methamphetamine, in violation of 21 U.S.C. § 841 (Count Two); and a forfeiture charge (Count Eleven). Thereafter, on March 1, 2004, pursuant to a written plea agreement, Davis pled guilty to Count One of the indictment. In accordance with the plea agreement, the court dismissed the remaining counts against him. Davis' plea agreement contained a waiver of his right to appeal any sentencing guideline issues and a waiver of his right to collaterally attack the judgment and any part of the sentence imposed by the court. The court accepted Davis' plea as knowing and voluntary and Davis does not challenge his plea on that ground. On March 10, 2006, the government made a motion for substantial assistance, which the court granted during Davis' sentencing hearing on March 14, 2006. The court ultimately sentenced Davis to 240 months incarceration, followed by a ten-year term of supervised release.

## II.

Davis alleges that the court imposed an "unreasonable sentence." Although Davis knowingly and voluntarily waived his right to appeal sentencing guideline issues and to collaterally attack his plea and sentence, a claim that alleges that the sentence was "imposed in excess of the maximum penalty provided by statute" survives a collateral attack waiver. United States v. Lemaster, 403 F.3d 216, 220 n.2 (4th Cir. 2005).

The court's imposition of 240 months incarceration followed by a ten-year term of supervised release was not improper. The statutory provisions regarding Davis' offense set a mandatory minimum term of ten years and a maximum of life in prison. See 21 U.S.C. § 841(b)(1)(A). Furthermore, based on Davis' total offense level of 43 and criminal history category of V, the guideline range for imprisonment in his case was life. U.S. Sentencing Guidelines Manual ch. 5, pt. A (2004). Accordingly, Davis' sentence was well within the statutory provisions and well below the U.S. Sentencing Guidelines range. Therefore, the court finds that Davis' claim that his sentence was unreasonable has no merit.

## III.

Davis also claims, in effect, that the government breached the plea agreement. He states that the "government told [him] that [he] would receive 8 [to] 10 years," but instead he got twenty years, despite his "full" cooperation. The court finds that this claim fails for multiple reasons.

First, this claim is waived. A petitioner may not raise for the first time in this § 2255 petition a claim which he could have raised but did not raise on direct appeal unless the petitioner establishes cause and prejudice capable of excusing default. Bousley v. United States, 523 U.S. 614 (1998). Davis did not raise this on direct appeal and he has not shown cause and prejudice to excuse his default, therefore this claim is waived.

Second, even if this claim was not waived, it still has no merit. Davis states that he and the government agreed on a sentence of 8 to10 years. However, this contention contrasts sharply with the actual terms of the plea agreement and his representations made in open court. Davis acknowledged in the plea agreement that he had not been coerced, threatened, or promised anything other than the terms of the plea agreement in exchange for his plea of guilty. The plea agreement states in clear terms that the mandatory minimum for the offense to which Davis pled guilty was ten years, with a maximum penalty of life imprisonment. Further, Davis acknowledged in the plea agreement that sentencing was within the sole discretion of the court. The United States agreed to recommend a three level reduction for Davis' acceptance of responsibility and Davis' ultimate sentence reflected this three-level reduction.[1] In addition, the government made a motion for substantial assistance, recommending that he receive between 15 and 20 years incarceration, which the court granted at his sentencing hearing. Furthermore, there is no reference or indication anywhere in the plea agreement or at his sentencing hearing that Davis and the government agreed that he should receive between 8 to 10 years imprisonment. Accordingly, the court finds that his claim that the government breached the plea agreement has no merit.

### IV.

For the reasons stated herein, the court dismisses Davis' § 2255 motion.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to petitioner.

**ENTER**: This ___ day of March, 2007.

United States District Judge

---

[1] The presentencing report recommended Davis' total offense level to be 46. Based on his acceptance of responsibility, however, at his sentencing hearing, the court reduced his total offense level to 43.

3